Judge Robertson
delivered the opinion of the Court.
Hunt in his own right, and Hunt and McIntosh, as partners in trade in Boston, had consigned to G. W. Bruce á commission merchant at Louisville,a large quantity of merchandize for sale on commission. When part had been sold, and an unsettled account current existed between the parlies, on the 19th of June 1322, being indebted to Samuel Bui dot. Hunt *81 drew an order in bis own name, and Hunt and Meintosh drew jointly, an order in favor of Burdet on Bruce, requesting him to account with Burdet the goods sold, and those remaining to he sold, and to paylnm the balance due, and which should become due for the sales.
Bruce’s wrltten accepgreemfent, to account with Burdet.
The accounts j“ Bruce’s fp”red t^Bufdet.
aócount,"and Burdet files his bill,
Bruce’s judy "gTiLfllunl
Answer insists upon a setefit
Deeree of the circui' court.
Errors assigoed’ exa»mfJA
On the 6th of July, 1822, the orders being presented, Bruce accepted them, and agreed in writing, in relation to each as follows: “I agree to account with “the said Samuel Burdet, and to pay to him or “order, any balance which may eventually be due on “settling my concerns and accounts, with the said “McIntosh and Hunt.”
Shortly afterwards, the accounts on Bruce’s books were transferred to Burdet, and kept in his name. Bruce failing in 1823, on the application of Burdet, through his authorized agent, to render an account or pay over to him any balance which was due, Burdet, in October, 1823,brought his bill in chancery, setting out the foregoing facts, charging Bruce with being largely in his debt, and praying for an account, and a decree for whatever might be ascertained to be due. Bruce and Hunt, and McIntosh were made defendants.
In March, 1823, Bruce brought an action of irespass on the case against Hunt and McIntosh, alleging that they had failed to supply him with as many goods as they had promised to consign to him, whereby ho had sustained great damage; and the case having been transferred to the federal court, a judgment was rendered against Hunt alone in Bruce’s favor by default, for $2,000 damages ip November, 1823.
In his answer, Bruce, among other things, insists on a setoffof this Judgment against Hunt, and admits the sale of all the goods, and a balance thereon in his hands unaccounted for.
The circuit court decreed in favor of Burdet, the amount acknowledged by Bruce to be in his hands. To reverse which the case is brought in this court.
Although various errors are assigned, yet it becomes oecessary that we shall decide only two of them.
Bill in chancery, for an account; the proper and most adequate remedy. The common law action obsolete.
No error to unite two acceptances in the same bill, both being by the same person, and for the benefit of the person.
Bruce’s agreement to account with Burdet, precludes all claim to set off any demand he might have against Hunt, or Mdntosh and Hunt.
The words “concerns” & “accounts” are mercantile and technical. Then-application.
These are, 1st. Whether the court had jurisdiction, and whether the suit was properly brought? 2d. Whether Bruce was entitled to his set off?
The suit was properly brought in the name of Burdet, because the written agreement of Bruce, vested in him the sole right to the balance on settlement. And the suit was well conceived. A common law suit for an account, maybe maintained; but Ibis remedy is almost abolished by disuetude. The chancellor by modern practice, takes almost exclusive cognizance of such cases; and he is certainly more competent to a full and just settlement of unsettled ac( ounts current, than the common law judge can be. There is no doubt he had jurisdiction in this case.
Nor can we see any objection to the joinder of these two acceptances,in the same bill; they were both for the benefit of the complainant, and were in consideration of the sales of goods by Bruce, and were both between the same, and no other parties. And therefore, to prevent a multiplicity of suits, it was not only allowable, but peculiarly proper to unite the whole in the same bill.
We concur with the inferior court in its refusal to allow the set off.
The agreements of Bruce to account to Burdet, taken in connexion with the orders drawn on him, in favor of Burdet, can be fairly interpreted to mean only, that be would account to Burdet for the goods sold, and virtually for all that should be sold, and pay him whatever balance might be due for their sale.
The. words “concenrs” and “accounts” are mercantile terms, and have an appropriate technical import. The subject matter, in this case, in reference to which they are used, was the merchandize on consignment, and they mean in this instance, nothing more nor less, than the ordinary incidents to a sale of consigned goods. They should not be perverted so as to include any other right or interest, or duty, than such as are incidental to the sale on commission of the goods, in relation to which, the orders were drawn and accepted.
They cannot comprehend any other contract, or any other claim of liability existing or consequential, cer *83 tain or contingent, betweén Bruce, and the consignors, unknown to Burdet, and not referred to, in the orders. The acceptances correspond with the and when connected with them, as they should be, leave little or no room for doubt about the effect, and intent of Bruces engagements' to Burdet. That Bruce himselfgave the same construction to his engagements, as that given by this court, is evinced by the transferrence of the current account to Burdet.
The effect gagements.
Character of the judgment aSauis^Hunt, be set off.
Iftheconsis™j® °Qbe fold en corn-mission, unllertalce the°poceeds, and pay any Balance to a atiitbe-’ tween such Pers9n an(l the consignee can set up betweonhimself and cons,Xn.or’ assumpsit.*^
The claim of Bruce, on which his judgment was obtained against Hunt, was of an extraordinary character. It was unliquidated, at the date of his written promises to account to Burdet. Suit had not been brought on it. Judgment was not obtained until more than a month after Burdet’s bill was filed. By assuming to pay to Burdet, the net balance which should be due for the sale of the goods, if we have not misconstrued the effect and extent of his contracts, he is estopped from setting off against Burdet any equity which he might have had, however clear and well ascertained, against Hunt and McIntosh. The authorities on this point are very numerous; but the following only need be cited: Litts. Se’ct. Ca. 471; Har. 427; ib. 432; Printed Decisions, 375; ib. 224-5; 1 Washg’n. 299, 389.
But it is material to notice, in addition to this view of the subject, that Bruce, in his answer, states, that he owed nothing for goods sold at the time he made his assumptions to Burdet; that the balance unaccounted for when the bill was filed, was for goods sold after his contracts with Burdet, and that his claim to damages against Hunt and McIntosh, was for their failure in the fall of 1822, and'Winter 1823, to furnish him with goods to sell according to their contract, made on the day of 1822; the latter fact is shewn by the declaration exhibited. When these facts are presented, all semblance of any equitable right to set off vanishes. ,
Burdet was certainly not responsible for any delinquency on the part of Hunt and McIntosh, which might take place after Bruce’s written promises to account to him for the sale of the goods on hand. Especially *84 as it does not appear that the contract alleged to have been violated by Hunt &co. was made before the acceptances to Burdet. And if Hunt and McIntosh became responsible, it was after all their right to the proceeds of sales had been transferred for a valuable consideration to another. The ot tiers were drawn for an account for sales of goods which had- been consigned, before the 19th’ of June, 1822, and they are so accepted. The judgment is for the failure to consign goods in the fall of 1822, and winter of 1823.
Decies.
Denny and Mayes, for plaintiff; Crittenden, for defendant.
The bill and answer are alone sufficient to maintain the decree on the two points noticed; and consequently, the other subordinate points, need not be touched; for admitting that as to them, the court erred, still those errors cannot affect the decree.
Decree affirmed with costs and damages.